UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE GONZALES,<br><br>         Petitioner,<br><br>v.<br><br>KIMBERLY THORTON, Acting Warden, High Desert State Prison,<br><br>         Respondent. | Case No.: 25-cv-3814-AJB-VET<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE** |

  Petitioner, a state prisoner currently confined at the High Desert State Prison in Susanville, California, is proceeding *pro se* with a habeas corpus action filed pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary action. (Doc. No. 1.) Petitioner has neither paid the $5.00 filing fee nor filed an application to proceed *in forma pauperis*.

  Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed *in forma pauperis*, the Court **DISMISSES** the case without prejudice.

  In addition, a petition for writ of habeas corpus by a state prisoner may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973).

Petitioner is presently confined at the High Desert State Prison in Susanville, California, which is within the jurisdictional boundaries of the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 84(b). Petitioner indicates that he was convicted in the Los Angeles County Superior Court (*see* Doc. No. 1 at 5) which is within the jurisdictional boundaries the Central District of California, Western Division. *See* 28 U.S.C. § 84(c)(2). Petitioner here challenges a prison disciplinary proceeding, and although he appears to indicate in the Petition that it took place at the High Desert State Prison (*see* Doc. No. 1 at 35) it is not entirely clear. But in any case, there is no indication in the Petition that the proceeding took place in the Southern District of California. Thus, habeas jurisdiction clearly exists in the Eastern District of California and the Central District of California, Western Division, but there is no indication in the Petition that jurisdiction lies in the Southern District of California. Rather, it appears jurisdiction over this Petitioner most appropriately lies in the Eastern District of California where Petitioner is confined and where the disciplinary proceedings apparently took place. *See Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989) ("The proper forum to challenge the execution of a sentence is the district where the prisoner is confined.")

This action is **DISMISSED** without prejudice for failure to satisfy the filing fee requirement and without prejudice to Petitioner to file the Petition in a Court with proper jurisdiction.

**IT IS SO ORDERED.**

Dated: January 16, 2026

Hon. Anthony J. Battaglia
United States District Judge